Laurence F. Padway (SBN: 089314)
LAW OFFICES OF LAURENCE F. PADWAY
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510) 814-6100
Facsimile : (510) 814-0650

David J. Linden (SBN: 041221)
P. O. Box 5780
Napa, California 94581
Telephone: (707) 252-7007
Facsimile: (707) 252-7883

Attorneys for Plaintiff,
Lynn A. Mullins

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

LYNN A. MULLINS,

    Plaintiff,

vs.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Defendant.

No. C07-05304

COMPLAINT FOR
BAD FAITH, INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS, BREACH OF
CONTRACT

DEMAND FOR JURY TRIAL

    Comes now the plaintiff, demanding a trial by jury, and alleging of defendant as follows:

## JURISDICTION

    1. This suit seeks review of a failure to extend benefits under a long-term disability policy that is not subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

Complaint                                       1

U.S.C. 1001 et seq.  Federal jurisdiction arises on diversity of the parties. 28 U. S. C.1332(a). Plaintiff was insured under the disability insurance policy in effect at her place of employment in Napa, California, providing venue in this judicial district.

GENERAL ALLEGATIONS

2. Plaintiff Lynn A. Mullins was employed by the Queen of the Valley Hospital in Napa, California, until she became disabled in January 2005.

3. Plaintiff is informed and believes that Queen of the Valley Hospital is part of the St. Joseph Health System, a not-for-profit Catholic health care system sponsored by The Sisters of St. Joseph of Orange.  Plaintiff is further informed and believes that the St. Joseph Health System is a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code.

3. Plaintiff is informed and believes that defendant The Prudential Insurance Company of America ("Prudential") issued group long-term disability insurance policy number 40939 covering employees of St. Joseph Health System, including employees of Queen of the Valley Hospital.  As an employee of Queen of the Valley Hospital, Plaintiff was insured under said policy against disability.

4. Because the St. Joseph Health System is tax-exempt under section 501(c)(3) of the Internal Revenue Code and is associated with the Catholic Church through the Sisters of St. Joseph of Orange, Plaintiff is informed and believes the Prudential policy described in 3 above falls within the ERISA definition of a "church plan." 29 U.S.C. 1002(33).  As such, said policy is not subject to ERISA.  29 U.S.C. 1003(b)(2).

5. In 2005, while employed by the Queen of the Valley Hospital as an X-ray technician, Ms. Mullins became totally disabled from osteoarthritis, a chronic medical condition, and

from complications from hip replacement surgery. She stopped working in 2005 and has not worked since then.

6. Prudential paid disability benefits to Ms. Mullins from July 26, 2005, until September 3, 2006, at which time Prudential terminated her disability benefits. As the basis for the termination of her benefits, Prudential alleged there was no medical documentation in its file to support a sickness or injury that would prevent Ms. Mullins from performing the duties of her regular occupation beyond September 3, 2006.

7. These general allegations are incorporated into each cause of action below.

FIRST CLAIM FOR RELIEF – BAD FAITH

8. Defendant Prudential Insurance Company of America undertook to insure Ms. Mullins against disability and the associated financial calamity.

9. Defendant Prudential Insurance Company of America acted in bad faith in connection with the termination of benefits and failure to pay full benefits to Ms. Mullins because, as part of a corporate plan arbitrarily to deny benefits to their insureds, Prudential, inter alia:

a. "Cherry picked" the medical evidence in its review, utilizing those parts of the documentation which supporter a termination of benefits while ignoring other parts, instead of considering the information as a whole;

b. Ignored Ms. Mullins' own credible assessment of her ability to work; and

c. Rejected the credible opinion of Ms. Mullins' treating physician and instead made the determination that Ms. Mullins was able to work based on a medical file review by a physician known by Prudential to be biased in its favor, who had not even examined Ms. Mullins and who did

Complaint                                           3

not have all of Ms. Mullins' medical records.

d. Despite Defendant's knowledge that Ms. Mullins is receiving Social Security Disability Insurance ("SSDI") benefits, Defendant has ignored the credible determination of the Social Security Administration that Ms. Mullins has been continuously disabled since February 1, 2005.

10. The acts of defendant Prudential were and are in bad faith, and were and are being done fraudulently, maliciously and oppressively, with the knowledge that their acts are substantially certain to injure, vex, annoy and harass Ms. Mullins, and they were done with deliberate and conscious disregard of her rights.

11. As a proximate result of the foregoing, Ms. Mullins has been damaged as set forth below.

SECOND CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. The actions of defendant Prudential, as set forth in 1-11 above, were and are extreme and outrageous, and were and are known by it to be substantially certain to cause Ms. Mullins great emotional distress. In particular, defendant abused its rights under the policy by arbitrarily rejecting the opinions of all of the treating health care providers, and by arbitrarily rejecting Ms. Mullins' own statement of her condition. Defendant was well aware that Ms. Mullins relied upon defendant for her financial security and well-being, and that the arbitrary termination of benefits would cause her great emotional distress.

13. These acts all were intended to and did cause Ms. Mullins grave financial and emotional distress, and they were all a part of a corporate plan of Prudential to wrongfully deny benefits to its insureds in order to force them to file suit, in the hope that the defendant could then

compromise the claims and cancel the remaining coverage due under the policy.

14. The actions of the defendant in refusing to approve disability payments to Ms. Mullins was known by it to be substantially certain to vex, injure, harass, and annoy Ms. Mullins and was known by defendants to violate her rights.

15. The action of defendant has been and is causing Ms. Mullins great emotional and financial distress, not only by rendering her unable to pay her bills in timely fashion, but because the action of the defendant has aggravated the financial stress and loss of security attendant to her already existing disability, thereby impairing her ability to recover from her illness.

16. As a proximate result thereof, Ms. Mullins has been damaged as set forth below.

### THIRD CLAIM FOR RELIEF - BREACH OF CONTRACT

17. By its actions, defendant Prudential breached the policy by failing to pay benefits due thereunder and by failing to process claims properly under the policy.

18. Ms. Mullins performed all of her obligations under the policy.

19. As a proximate result of the foregoing, Ms. Mullins has been damaged as set forth below.

### DAMAGES

20. Ms. Mullins has been damaged by failure to pay policy benefits in the sum of monthly since September 4, 2006, for a total back benefit due, after offset for her SSDI benefits, of approximately $16,886. to date. Ms. Mullins is entitled to accelerate the remaining payments due

under the policy to age 65, which she shall attain on November 15, 2018, for a total future benefit payment, after offset for her SSDI benefits, of approximately $188,565.

21. Ms. Mullins has suffered general damages including loss of financial security, embarrassment and humiliation, and emotional distress, in an amount to be proven at trial, but estimated at $500,000.

22. Ms. Mullins has been forced to retain counsel and incur fees and court costs in order to secure the benefits owed to her, in an amount not now known with certainty but to be proved at trial and estimated at $250,000. through trial.

23. Because the acts of defendants were authorized and ratified by their management, and the conduct of defendants was fraudulent, malicious and oppressive, Ms. Mullins is entitled to exemplary damages according to proof and estimated at $1,000,000.

24. Ms. Mullins is entitled to prejudgment interest according to proof on all sums owed at the rate of 10 per cent per annum, or according to proof.

PRAYER FOR RELIEF

Wherefore, Ms. Mullins prays for relief as follows:

1. For net back benefits owed of approximately $16,886. to date, and for additional net benefits due at the rate of $1407.20 monthly until November 15, 2018, for a total sum of future benefits of approximately $188,565;

2. For general damages according to proof or in the sum of $500,000;

3. For exemplary damages according to proof or in the sum of $1,000,000;

4. For prejudgment interest according to proof;

5. For costs of suit, and for attorneys fees herein incurred according to proof or in the sum of $250,000; and

6. For such other and further relief as the court deems just and proper.

DEMAND FOR JURY TRIAL

Pursuant to FRCP 38 and Civil L.R. 3-6(a), Plaintiff hereby demands a jury trial on all issues presented in this case.

Dated: October 18, 2007

Laurence F. Padway
Attorney for plaintiff

Complaint     7