DONALD W. REES (SBN: 034329)
drees@gordonrees.com
LESLIE CRARY (SBN: 148260)
lcrary@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant and Counterclaimant
PRUDENTIAL INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN A. MULLINS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　Defendants.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　Counterclaimant,<br><br>vs.<br><br>LYNN A. MULLINS, an individual<br><br>　　　　　　Counterdefendant. | CASE NO. C07-05304 (EMC)<br><br>**ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF AND BREACH OF CONTRACT** |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

　　Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") answers the corresponding paragraphs in plaintiff's complaint and asserts a counterclaim against plaintiff as follows:

-1-
DEFENDANT'S ANSWER AND COUNTERCLAIM - CASE NO. C07-05304 (EMC)

1. Prudential admits it issued a Long Term Disability Coverage contract ("the contract") to plaintiff's employer on the terms and conditions stated therein. Prudential denies it had a duty to pay plaintiff long-term disability benefits as alleged by plaintiff and lacks sufficient information to admit or deny the remaining allegations in paragraph 1, and based thereon denies those allegations. Prudential does not contest jurisdiction or venue.

2. Prudential admits plaintiff was employed by Queen of the Valley Hospital in Napa, California but lacks sufficient information to admit or deny the remaining allegations in paragraph 2, and based thereon denies those allegations.

3. Prudential lacks sufficient information to admit or deny the allegations in paragraph 3, and based thereon denies those allegations.

3. [Misnumbered in Complaint.] Prudential admits it issued the contract on the terms and conditions stated therein and that plaintiff was an insured under the contract.

4. Prudential lacks sufficient information to admit or deny the allegations in paragraph 4, and based thereon denies those allegations.

5. Prudential admits plaintiff was employed as radiology technician but denies she became totally disabled. Prudential lacks sufficient information to admit or deny the remaining allegations in paragraph 5, and based thereon denies those allegations.

6. Prudential admits it paid disability benefits to plaintiff with respect to the period April 27, 2005, to September 3, 2006, and concluded plaintiff was not thereafter entitled to benefits under the terms and conditions of the contract. Prudential lacks sufficient information to admit or deny the remaining allegations in paragraph 6 and based thereon denies those allegations.

7. Prudential incorporates its answers to paragraphs 1-6 into each of its answers to the paragraphs referenced below.

### FIRST ALLEGED CLAIM FOR RELIEF – BAD FAITH

8. Prudential admits it issued the policy under the terms and conditions stated therein.

9. Prudential denies the allegations of paragraph 9 and of each of the subparagraphs

therein.

10. Prudential denies the allegations of paragraph 10.

11. Prudential denies the allegations of paragraph 11.

## SECOND ALLEGED CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. Prudential denies the allegations of paragraph 12.

13. Prudential denies the allegations of paragraph 13.

14. Prudential denies the allegations of paragraph 14.

15. Prudential denies the allegations of paragraph 15.

16. Prudential denies the allegations of paragraph 16.

## THIRD ALLEGED CLAIM FOR RELIEF – BREACH OF CONTRACT

17. Prudential denies the allegations of paragraph 17.

18. Prudential lacks sufficient information to admit or deny the allegations in paragraph 18, and based thereon denies those allegations.

19. Prudential denies the allegations of paragraph 19.

## ALLEGED DAMAGES

20. Prudential denies the allegations of paragraph 20.

21. Prudential denies the allegations of paragraph 21.

22. Prudential denies the allegations of paragraph 22.

23. Prudential denies the allegations of paragraph 23.

24. Prudential denies the allegations of paragraph 24.

## DEFENSES

### FIRST DEFENSE

1. Plaintiff's Complaint does not state the claims made against Defendant with sufficient particularity to enable Defendant to determine all of its defenses (including defenses based upon the terms, conditions or exclusions of the contract at issue). Defendant therefore reserves the right to assert all applicable defenses to the Complaint once the precise nature of such claims are determined through discovery or otherwise.

## SECOND DEFENSE

2. Defendant is entitled to an offset against any damages or other sums for which it may be found liable to Plaintiff for any recovery Plaintiff has received from third parties who were responsible for Plaintiff's alleged losses, if any, as well as from disability benefits she has received from the Social Security Administration, or other deductible sources of income, pursuant to the terms and conditions of the contract and the Reimbursement Agreement between Plaintiff and Defendant and pursuant to applicable law.

## THIRD DEFENSE

3. Plaintiff's claims are barred in whole or in part by the Employee Retirement Income Security Act of 1974 ("ERISA").

## COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaimant Prudential counterclaims against Plaintiff and Counterdefendant Lynn Mullins ("Mullins") and, in support thereof, alleges as follows:

1. Prudential is a corporation incorporated in the State of New Jersey with its principal place of business in the State of New Jersey.

2. Mullins is a natural person and Prudential is informed and believes that she is a resident of Napa County, California.

3. Jurisdiction over this Counterclaim is proper under 28 U.S.C. § 1367.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

4. Prudential issued a group disability insurance contract ("the contract") to Mullins' employer pursuant to which Prudential paid Mullins disability benefits.

5. The terms and conditions of the contract include provisions pursuant to which benefits due under the contract are reduced by deductible sources of income as defined in the contract including disability benefits actually paid by the Social Security Administration or the estimated amount of such benefits.

6. On or about September 1, 2005, Mullins signed a Reimbursement Agreement pursuant to which Mullins acknowledged that benefits payable under the contract are to be

reduced by benefits she or her family members receive as a result of her disability for the same period under the Social Security Act.

7. In exchange for Prudential's agreement to postpone reducing her contract benefits by the estimated benefit amount due under the Social Security Act, Mullins agreed to immediately repay Prudential the amount Prudential might pay her in excess of the amount to which she would have been entitled under the contract with respect to benefits retroactively paid under the Social Security Act.

8. Prudential is informed and believes and thereon alleges Mullins was awarded and received disability benefits from the Social Security Administration such that plaintiff is obligated to repay Prudential in the minimum amount of $14,107.08.

9. Prudential has requested that Mullins repay Prudential the amount of its overpayment.

10. Mullins has refused to reimburse Prudential and denies any obligation to do so.

11. An actual controversy has arisen between Prudential and Mullins as to whether Prudential is entitled to be repaid with respect to benefits paid to Mullin under the Social Security Administration, or by any other source.

12. A judicial declaration is necessary and appropriate at this time so that Prudential and Mullins can determine their respective rights and obligations with regard to benefits paid by Prudential to Mullins.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

13. Prudential incorporates by reference herein paragraphs 4-12 of its Counterclaim.

14. Pursuant to the express and implied terms and conditions of the contract and Reimbursement Agreement as alleged above, Mullins is obligated to repay Prudential the amount of disability benefits received from other sources, including those paid under the Social Security Act, according to the terms and conditions of the contract.

15. The Social Security Administration paid Mullins disability benefits resulting in an overpayment by Prudential in the minimum amount of $14,107.08 and Mullins is obligated to pay Prudential the minimum sum of $14,107.08.

16. Mullins has breached her duty to pay Prudential this sum and Prudential has been damaged in the minimum amount of $14,107.08.

WHEREFORE, Prudential pray for judgment as follows:

1. That judgment be entered on the Complaint in favor of Defendant and Counterclaimant and against Plaintiff and Counterdefendant;

2. That Plaintiff and Counterdefendant be awarded nothing;

3. That this Court enter a judgment declaring that Plaintiff and Counterdefendant is obligated to repay Defendant and Counterclaimant the minimum sum of $14,107.08, with interest, along with any other sums received by Plaintiff and Counterdefendant as disability benefits;

4. That this Court declare that Defendant and Counterclaimant is entitled to an off-set, credit or other reduction in any benefits or damages which this Court may determine Prudential owes to Plaintiff and Counterdefendant with respect to disability benefits paid by the Social Security Administration or any other source;

5. That Defendant and Counterclaimant be awarded damages according to proof and in an amount not less than $14,107.08;

6. For prejudgment interest according to poof;

7. That Defendant and Counterclaimant be awarded costs and reasonable attorney's fees from Plaintiff and Counterdefendant according to proof, and;

8. For such other and further relief as this Court may deem just and proper.

Dated: December 20, 2007

GORDON & REES LLP

By: _____
DONALD. W. REES
LESLIE K. CRARY
Attorneys for Defendant, PRUDENTIAL INSURANCE COMPANY