DONALD W. REES (SBN 34329)
drees@gordonrees.com
LESLIE K. CRARY (SBN 148260)
lcrary@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

LAURENCE F. PADWAY (SBN 89314)
lpadway@padway.com
LAW OFFICES OF LAURENCE F. PADWAY
1516 Oak Street, Suite 109
Alameda, CA 94501
Telephone: (510) 814-6100
Facsimile: (510) 814-0650

Attorneys for Plaintiff
LYNN A. MULLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN A. MULLINS,<br>　　　　　Plaintiff,<br>vs.<br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br>　　　　　Defendants.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br>　　　　　Counter Claimant,<br>vs.<br>LYNN A. MULLINS, an individual<br>　　　　　Counter Defendant. | CASE NO. C07-05304SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:　April 4, 2008<br>TIME:　2:30 P.M.<br><br>Complaint Filed: October 18, 2007<br><br>Trial Date:　None Set |

Pursuant to Civil L.R. 16.9, and the Standing Order for all judges of the Northern District of California dated March 1, 2007, Plaintiff LYNN A. MULLINS and Defendant THE

-1-

PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") through their respective counsel of record, hereby submit the following Joint Case Management Statement.

### 1. Jurisdiction and Service

This Court has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. There are no issues of personal jurisdiction, subject matter jurisdiction or venue. All named parties have been served.

### 2. Facts

This case arises out of Plaintiff Lynn Mullins' claim for disability benefits under a Long Term Disability Plan Certificate Defendant Prudential issued to her employer, St. Joseph's Health System. Ms. Mullins underwent hip replacement surgery on March 15, 2005. She required a revision orthoplasty on the hip which was done on December 19, 2005. Prudential approved Ms. Mullins' claim and paid monthly benefits through September 3, 2006. Prudential submits Ms. Mullins had recovered and was able to return to work by that date. Ms. Mullins contends she remained disabled. She seeks, and Prudential denied, benefits subsequent to that date.

At Ms. Mullins' request, Prudential reconsidered its determination on two occasions. On both occasions, Prudential reviewed additional documentation provided by Ms. Mullins' physician and arranged for an outside review of her medical records by a physician specialized in orthopedic surgery. Based on those outside reviews and analysis of Ms. Mullins' claim, Prudential concluded Ms. Mullins' condition did not fit within the plan definition of disabled and benefits were not payable. Ms. Mullins contends the outside reviews were biased and the results a foregone conclusion.

Pursuant to the terms of a Reimbursement Agreement with Ms. Mullins, Prudential paid benefits without making a reduction for estimated social security disability income to which Ms. Mullins might be entitled. In that agreement, and under the terms of the plan, Ms. Mullins agreed to repay Prudential in the event she received social security disability payments for the same period as benefits paid by Prudential.

Ms. Mullins ultimately received her social security benefits, including an award of approximately $14,000, which duplicates benefits provided by Prudential. Ms. Mullins has not repaid Prudential and contends she has offset that repayment against the benefits she claims are due from Prudential. Prudential has counterclaimed to recover that amount, or in the alternative to offset it against any benefits found due.

**Legal Issues**

The parties agree that the central legal issues in dispute include the following:

- Whether the plan at issue is governed by ERISA or is exempt as a "church plan" within the meaning of 29 U.S.C. § 1002 (33).
- Whether Ms. Mullins was disabled within the meaning of the plan.
- Whether Prudential acted reasonably in evaluating Ms. Mullins' claim.
- Whether, and if so under what circumstances, Ms. Mullins may recover future benefits as damages.
- Whether Prudential acted in bad faith.
- Whether Prudential intentionally inflicted emotional distress.
- Whether, and if so under what circumstances, Ms. Mullins may recover damages for intentional infliction of emotional distress or bad faith.
- Whether, and if so under what circumstances, Ms. Mullins may recover attorneys fees.
- Whether, and if so under what circumstances, Ms. Mullins may recover punitive damages.
- Whether Prudential is entitled to reimbursement for amounts Ms. Mullins received as social security benefits.

The parties reserve the right to raise other legal issues that may come to light as this case continues.

**3.    Motions**

At this time, the parties anticipate filing motions for summary judgment concerning one or more of the above-referenced issues.

### 4. Amendment of Pleadings

No pleading amendments are anticipated.

### 5. Evidence Preservation

Prudential has put in place a "litigation hold" on all documents, including Electronically Stored Information ("ESI"), relevant to the issues that reasonably appear to be in dispute in this action. Pursuant to this hold, all employees with access to such information have been advised not to delete or modify any such information. Similarly, mechanisms have been put into place to prevent the inadvertent deletion or modification of ESI, including but not limited to emails, voice-mail messages and other electronically recorded information, and to segregate such information from any document destruction program that would normally be in place.

Ms. Mullins is an individual who does not have significant e-discovery issues, and she will maintain her records relevant to this litigation.

### 7. Disclosures

The parties made initial disclosures pursuant to Rule 26(a)(1) on or about January 17, 2008.

### 8. Discovery

No discovery has been taken to date.

[FRCP Rule 26(1)(2)] The parties anticipate conducting discovery on the following subjects:

a) The basis for Ms. Mullins' contention the plan is exempt from ERISA.

b) The basis for Ms. Mullins' contention she was and remains disabled within the meaning of the plan, including but not limited to an independent medical examination of Ms. Mullins.

c) The basis for Ms. Mullins' contention Prudential did not act reasonably in evaluating her claim for benefits.

d) The basis for Ms. Mullins' contention she is entitled to benefits through November 15, 2018.

e) The basis for Ms. Mullins' contention she is entitled to punitive damages.

f) The basis for Ms. Mullins' contention Prudential's conduct was extreme and outrageous.

JOINT CASE MANAGEMENT STATEMENT                                      CASE NO. C07-05304SI

g) The basis for Ms. Mullins' alleged damages for emotional distress, embarrassment, and humiliation.

h) The basis for Ms. Mullins' alleged damages for loss of financial security.

The parties do not currently contemplate the need for phased discovery.

[FRCP Rule 26(f)(3)] The parties have agreed they will exchange and produce ESI in printed, hard copy, format rather than in its native or other electronic format at this time, or the parties may produce ESI in pdf format, on CD-ROM, if that is more convenient for them.

[FRCP Rule 26(f)(4)] Prudential reserves the right to seek a protective order to prevent the use of proprietary, trade secret, private or other protected information outside of this litigation.

[FRCP Rule 26(f)(5)] The parties agree that no changes in the limits set forth in FRCP Rules 30, 31, and 33 are warranted at this time, subject to stipulation of the parties or further order of the Court.

**9.   Class Actions**

Not applicable.

**10.   Related Cases**

The parties are not aware of any related cases.

**11.   Relief**

Ms. Mullins seeks the following: back benefits due from September 3, 2006 at the rate of $1,056.70/month until she obtains the age of 65 on March 17, 2014, plus general damages according to proof, attorneys fees estimated at $250,000 through trial, prejudgment interest and punitive damages according to proof.

Prudential seeks reimbursement in the approximate amount of $14,000, according to proof, plus prejudgment interest.

**12.   Settlement and ADR**

The parties have stipulated to participate in the Court's mediation program and are scheduled for mediation with Rebecca Hull, Esq. on May 8, 2008.

**13.   Consent to Magistrate**

There is not unanimous consent to have the case heard by a Magistrate.

### 14. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master or other references.

### 15. Narrowing of Issues

The parties are amenable to undertaking efforts to stipulate to undisputed facts or factual summaries for the purposes streamlining the presentation of motions for summary judgment. The parties will undertake some preliminary discovery and then confer on the issue of whether or not the disability policy is part of an ERISA plan, or whether it is exempt from ERISA as a "church plan." If the parties cannot agree, this may be appropriate for determination on cross-motions for summary judgment.

**Expedited Schedule**

This case does not appear to be amenable to expedited scheduling.

### 16. Scheduling

Prudential proposes the following dates:

a) All discovery with the exception of discovery regarding expert witnesses, shall be completed on or before July 7, 2008.

b) The parties shall disclose expert witnesses pursuant to FRCP 26(a)(2) on or before June 2, 2008.

c) Depositions of expert witnesses shall be completed on or before July 21, 2008.

d) All potentially dispositive motions shall be filed on or before September 1, 2008.

e) The time for filing oppositions to potentially dispositive motions and replies to oppositions will be in accordance with the FRCP and the Local Rules of this Court.

f) The hearing of potentially dispositive motions shall be no later than October 10, 2008. Counsel for the parties will coordinate with the Court so that, under appropriate circumstances and to the extent feasible, pending dispositive motions may be heard on the same date.

g) The parties respectfully request that this matter be set for trial no earlier than January 5, 2009 and the pre-trial conference be set no less than 21 days before the trial date set by the Court. Both parties specifically request this case not be set for trial between September 15, 2008, and November 30, 2008, due to other matters set for trial and planned vacations of counsel during that time period.

-6-

**18.    Trial**

Ms. Mullins has requested a jury trial. The parties anticipate trial will last 5-7 days.

**19.    Disclosure of Non-party Interested Entities or Persons.**

The parties have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16 and do not know any non-party having an interest in this matter.

Respectfully submitted,

Dated: March 28, 2008    GORDON & REES LLP

By  /s/ Leslie K. Crary
Donald W. Rees
Leslie K. Crary
Attorneys for Defendant
PRUDENTIAL INSURANCE
COMPANY OF AMERICA

Dated: March 28, 2008    LAW OFFICES OF LAURENCE F. PADWAY

By  /s/ Laurence F. Padway
Laurence F. Padway
Attorneys for Plaintiff
LYNN A. MULLINS

I, LESLIE K. CRARY, hereby attests that Laurence F. Padway, counsel for Plaintiff, concurs in the filing of this stipulation.

Dated: March 28, 2008    /s/ Leslie K. Crary

-7-

JOINT CASE MANAGEMENT STATEMENT                    CASE NO. C07-05304SI