

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: 415.781.7900 Fax: 415.781.2635

www.sdma.com

rebecca.hull@sdma.com
415-627-1565

April 24, 2008

**VIA FACSIMILE**

Laurence Fred Padway
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, CA 94501

Donald W. Rees
Leslie K. Crary
Gordon & Rees
275 Battery St 20th Flr
Embarcadero Ctr West
San Francisco, CA 9411

Re:   *Mullins v. Prudential Insurance Company of America* Northern District - NO. C07-05304 MJJ
File No.: 7000-000037

Dear Counsel:

This will confirm that we have scheduled the mediation in this case for May 8, 2008 at 10:00 a.m. We will meet at my offices at One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. We can keep the whole day available to allow the mediation to continue as long as we are making progress.

We also agreed that the written statements described in ADR L.R. 6-7 will be exchanged and e-mailed or otherwise delivered to my office by May 6, 2008. Please include any key documents you feel I should read, as well as any citations to key legal authorities. If you wish to forward briefs (with any exhibits) electronically, that is acceptable and may be more convenient.

Also, please remember to arrange for your clients' attendance. Please advise me by email in the next few days as to who the client representatives will be. It is my understanding that there is no relevant insurance given the nature of the dispute.

Please prepare for the mediation by discussing each of the following items with your clients:

- clients' interests, not just positions, and how these interests could be met;
- other side's interests, and how these could be met;

SF/1493157v1

Austin • Bermuda* • Chicago • Dallas • Houston • London • Los Angeles • New York • Newark • Orange County • Paris • San Francisco • Zurich

*Affiliated office

Re: Mullins v. Prudential Insurance Company of America Northern District - NO. C07-05304 MJJ
April 24, 2008
Page 2

- best and worst alternatives to a negotiated settlement;
- strengths and weaknesses of case; and
- estimated budget to litigate the case through trial.

I also enclose a copy of the court's standard confidentiality agreement which I will expect all participants to sign at the outset of the session. Please review this agreement with your clients and contact me right away if you have questions or concerns about this form.

I look forward to working with you and your clients.

Very truly yours,

*for* Rebecca A. Hull
Sedgwick, Detert, Moran & Arnold LLP

cc:    ADR Case Administrator

RAH/clh

**Alternative Dispute Resolution Program**
# UNITED STATES DISTRICT COURT
**Northern District of California**

# CONFIDENTIALITY AGREEMENT

Case Name: Mullins v. Prudential Insurance Company of America
Case No.: 07-05304 MJJ
Session Date:   May 8, 2008

Consistent with ADR L.R. 5-12 and 6-11 governing the confidentiality of ENE and mediation sessions and, to the extent applicable, California Evidence Code Sections 703.5 and 1115-1128, the participants in the ADR session agree that they shall treat as "confidential information" anything that happened or was said in connection with the ADR session. "Confidential information" shall not be disclosed to anyone not involved in the litigation, shall not be disclosed to the assigned judge, and shall not be used for any purpose, including impeachment, in any pending or future proceedings unless all parties and the neutral so agree.

   The parties further agree that evidence admissible or subject to discovery or disclosure shall not be inadmissable or protected from disclosure solely by reason of its introduction or use in this ADR proceeding. Further, disclosure of information which is otherwise privileged shall not alter its privileged character.

   The parties further agree not to subpoena the neutral or any documents submitted to or prepared by the neutral in connection with or during the mediation or ENE sessions. The neutral shall not voluntarily testify on behalf of a party.

This agreement shall not preclude a report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4(a) regarding a possible violation of the ADR Local Rules. Nor shall this agreement render inadmissable a written settlement agreement reached as a result of this ADR proceeding in an action to enforce that settlement.

_____    _____
Mediator                   Date

_____    _____
Plaintiff                  Plaintiff's Attorney

_____    _____
Plaintiff                  Plaintiff's Attorney

_____    _____
Plaintiff                  Plaintiff's Attorney

_____    _____
Defendant                  Defendant's Attorney

_____    _____
Defendant                  Defendant's Attorney

_____    _____
Defendant                  Defendant's Attorney